BONIN, J.,
concurs with reasons.
1,1 concur in the affirmation of Mr. Hatfield’s conviction because the prosecution has established beyond a reasonable doubt (as is its burden as the party benefitting from the errors) that the jury’s verdict is surely unattributable to the trial judge’s erroneous evidentiary rulings, and thus the errors are harmless and the trial was fair. See State v. George, 95-0110 (La.10/16/95), 661 So.2d 975, 979-80. I am of the view, however, that the majority is too gentle in failing to state simply and directly that the trial judge’s rulings on assignments of error one and seven were erroneous.[1] It was error not to admit the medical treatise. And it was error to restrict the cross-examination of two witnesses about open warrants and pending charges.

. Indeed there is no good reason to even evaluate "harmlessness” unless and until an error has been identified. See Lockhart v. Fretwell, 506 U.S. 364, 369 n. 2, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) ("Harmless error analysis is triggered only after the reviewing court discovers that an error has been committed.” (emphasis in original)).